UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:16-cv-01305-DAD-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 6, 2016. (ECF No. 1.) Plaintiff's complaint is before the Court for screening. He has declined Magistrate Judge jurisdiction. (ECF No. 9.) No other parties have appeared.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Health Care Facility in Stockton, California, however his claims arose at California State Prison in Corcoran, California

2

("Corcoran").

Plaintiff's factual allegations span more than 40 pages, and his supporting documentation another 60. He names approximately 47 Defendants, and his constitutional claims appear to be about as numerous. He alleges three separate instances of excessive force, multiple denials of medical care for various unrelated ailments, a failure to properly process his appeals, violation of his free speech rights, "sexual humiliation," racial discrimination, retaliation, denial of access to the courts, failure to protect, denial of personal property, and cruel and unusual punishment. Plaintiff seeks compensatory damages and injunctive relief.

Given the number and range of unrelated parties and claims alluded to in the pleading and the fact they are intermingled with opinion and legal conclusion and at times conflict with one another, the Court will not attempt to summarize then here. Instead it will set out the pleading standards for such claims as Plaintiff seems to raise so he may determine which, if any, he wishes to pursue in an amended pleading and so that he might properly pled them.

**IV.     Discussion**

    **A.     Rules 8(a)(2) and 18(a)**

Plaintiff's complaint will be dismissed for failure to comply with Rule 8(a)(2), which requires Plaintiff provide a "short and plain" statement of his claim. Fed. R. Civ. P. 8(a)(2). He will be given an opportunity to amend.

Additionally, Plaintiff's complaint does not comport with Rule 18(a), which states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). While multiple claims against a single party are fine, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Though Plaintiff's claims may all relate to the misconduct of Corcoran officials generally, the specific instances at issue do not arise from the same

or even related transactions. The proper course would be for Plaintiff to file unrelated claims in separate lawsuits.

The Court recognizes that "district courts who dismiss rather than sever [misjoined claims] must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations." Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015). Here, Plaintiff's allegations stem from events that took place in 2013 and 2014; it thus appears Plaintiff filed his suit outside or near the outside limits of the statute of limitations.[1] In the event Plaintiff's amended complaint again pleads unrelated claims, the Court may, *sua sponte*, separate Plaintiff's cognizable claims into separate suits, each of which will require a new filing fee or application to proceed *in forma pauperis*.

Below, the Court will advise Plaintiff of the pleading standards for the claims he sets forth in his complaint. Plaintiff must adhere to these standards when drafting his amended complaint.

### B. Eleventh Amendment Immunity

Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as a defendant.

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. See, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Thus, Plaintiff may not maintain a claim against CDCR. This defect is not capable of being cured by amendment.

---

[1] Section 1983 does not prescribe a statute of limitations. Rather, the Court applies California's two-year personal injury statute of limitations, and allows for up to two years of equitable tolling based on the fact of Plaintiff's incarceration. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

### C. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). Plaintiff may not attribute liability to a group of defendants, but must "set forth *specific* facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (emphasis added). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)).

### D. Eighth Amendment

The Eighth Amendment protects prisoners from both excessive uses of force and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).

#### a. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). The objective component of an Eighth Amendment claim is contextual and responsive to

5

contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

### b.   Conditions of Confinement

To allege an Eighth Amendment claim for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire, 726 F.3d at 1078 (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

To make out a claim for failure to protect, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). However, to prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

Finally, for Eighth Amendment claims arising out of medical care in prison, Plaintiff

"must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

### E. Verbal Harassment

To the extent Plaintiff objects to Defendants' use of racial slurs, mere "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

### F. Due Process

#### a. Processing of Grievances

Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Such a claim would be based on the theory that interference with the grievance process resulted in a denial of the inmate's right to access to the courts. This right includes petitioning the government through the prison grievance process. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356–57. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354–55.

Furthermore, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

### b. False Charges

"The Due Process Clause does not provide a guarantee that Plaintiff will be free from fabricated accusations." Saenz v. Spearman, No. CV-1:09-00557-GSA-YNP, 2009 WL 2365405, *8 (E.D. Cal. July 29, 2009). Rather, the Due Process Clause protects prisoners from being arbitrarily deprived of a liberty interest without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The prisoner must next establish that the prison failed to meet the minimal procedural requirements before depriving him of that interest. Wolff, 418 U.S. at 556. In the prison disciplinary context, the minimum procedural requirements that satisfy due process are as follows: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

### c. Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California provides such a remedy. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### G. Retaliation

It is well-settled that § 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

9

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

**H.    Conspiracy**

A conspiracy claim brought under Section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the Court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. (internal

quotations and citations omitted).  As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

**V.     Conclusion**

Plaintiff's complaint will be dismissed for failure to comply with Rule 8(a)(2). The Court will provide Plaintiff with the opportunity to file an amended complaint. If Plaintiff amends, his complaint must be short and may only present the facts necessary to support his claims. Furthermore, he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all Defendants named therein. Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated Defendants.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed September 6, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

      a. File an amended complaint curing the deficiencies identified by the Court in this order, or

      b. File a notice of voluntary dismissal; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   January 18, 2017      /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE