UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:16-cv-01305-DAD-MJS (PC)<br><br><u>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS OF THIS ORDER</u><br><br>(Doc. No. 13) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 6, 2016. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's motion for reconsideration of the assigned magistrate judge's screening order is before the court. (Doc. No. 13.) Plaintiff has also requested the appointment of counsel.

**PROCEDURAL BACKGROUND**

On January 18, 2017, the assigned magistrate judge screened plaintiff's civil rights complaint and dismissed it for failure to comply with the Federal Rules of Civil Procedure

1

8(a)(2), which requires plaintiff provide a "short and plain" statement of his claim. (Doc. No. 12.) In so doing, the magistrate judge noted that plaintiff's complaint comprised more than 100 pages of factual allegations and supporting documentation and named approximately 47 separate defendants. (*Id.* at 3.)

The magistrate judge also found that plaintiff's complaint improperly joined numerous unrelated defendants and claims, in violation of Rule 18(a), which states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." (*Id.*) Therefore, the magistrate judge determined that, to the extent plaintiff wished to file multiple claims against multiple individuals arising from unrelated events, he would have to file them in separate lawsuits. (*Id.* at 3–4.)

On February 6, 2017, plaintiff filed the instant motion for reconsideration. (Doc. No. 13.) Therein, plaintiff asks this court to look past the technical deficiencies of his complaint and issue a ruling on the merits of his claims. Plaintiff avers that he made his complaint as brief as he could, and since all of the named defendants conspired together to violate his rights, they are properly joined in a single action.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

### I. Legal Standard

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's non-dispositive order within fourteen days. In this court, such objections are treated as a motion for reconsideration by the assigned District Judge and should be captioned "Request for Reconsideration." *See* Local Rule 303. Plaintiff here has filed a motion requesting reconsideration of the magistrate judge's screening order by the undersigned. As such, the court will review plaintiff's motion under Local Rule 303.

This Court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed R. Civ. P. 72(a). As such, the court may only set aside those portions of a magistrate judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and*

*County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623 (1993). The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007); *see Adolph Coors Co. v. Wallace*, 570 F. Supp. 2d 202, 205 (N.D. Cal. 1983).

Here, plaintiff bases his motion for reconsideration on his belief that the magistrate judge improperly dismissed his complaint on procedural grounds and should have instead excused his pleading deficiencies and addressed the merits of plaintiff's claims. In essence, plaintiff argues that the magistrate judge's screening order was clearly erroneous.

**II.     Discussion**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) & (2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

3

| 1  | Likewise, Federal Rules 18 and 20 dictate when multiple claims and parties may be joined in a
| 2  | single action.  *See* Fed. R. Civ. P. 18(a); 20(a)(2) (a plaintiff may only sue multiple defendants in
| 3  | the same action if at least one claim against each defendant arises out of the same "transaction,
| 4  | occurrence, or series of transactions or occurrences" and there is a "question of law or fact
| 5  | common to all defendants."). [1]
| 6  | The undersigned has conducted an independent review of the magistrate judge's analysis
| 7  | in screening plaintiff's complaint to determine whether his ruling was clearly erroneous or
| 8  | contrary to law.  The court finds that the magistrate judge's ruling was not clearly erroneous or
| 9  | contrary to law.  Plaintiff's complaint was dismissed for failure to comply with Rule 8(a)(2)
| 10 | because he did not provide a "short and plain" statement of his claim, in a form that is "simple,
| 11 | concise, and direct."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  The magistrate
| 12 | judge properly determined that plaintiff's 100 page complaint – which named 47 different
| 13 | defendants and alleged conduct occurring over the course of nearly two years – failed to meet this
| 14 | requirement.  (Doc. No. 12 at 3.)  Moreover, the magistrate judge properly dismissed plaintiff's
| 15 | complaint because the events complained of did not arise from the same, or even related,
| 16 | transactions.  (*Id.* at 3–4.)  Plaintiff's argument that he should be extended leniency is unavailing;
| 17 | the magistrate judge granted plaintiff the opportunity to amend his complaint so that plaintiff
| 18 | could cure the noted deficiencies in his original complaint.  If plaintiff wishes to pursue this
| 19 | action, he should file an amended complaint in keeping with the magistrate judge's order.
| 20 | Because the magistrate judge's screening order is not clearly erroneous or contrary to law,
| 21 | plaintiff's motion for reconsideration of that order will be denied.

## PLAINTIFF'S REQUEST FOR COUNSEL

| 23 | Plaintiff asks this court to take "judicial notice" of his request for the appointment of
| 24 | counsel.  (Doc. No. 13 at 3.)  Plaintiff has not filed a motion seeking the appointment of counsel.
| 25 | However, the court will construe his request as such a motion.

---

[1] In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, pro se plaintiffs are "expected to abide by the rules of court in which he litigates." *Carter v. C.I.R.*, 784 F. 2d 1006, 1008–09 (9th Cir. 1986).

4

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff has not established that his case is exceptional. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff's request for counsel will therefore be denied without prejudice to its renewal.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for reconsideration (Doc. No. 13) is DENIED;
2. Plaintiff's motion for the appointment of counsel is DENIED; and
3. Plaintiff shall file his amended complaint or a notice of voluntary dismissal of this action within thirty (30) days of this order. Any failure by plaintiff to file an amended complaint within the time provided in this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**April 25, 2017**__

UNITED STATES DISTRICT JUDGE