UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:16-cv-01305-DAD-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOF RELIEF FROM FINAL ORDER PURSUANT TO RULE 60(b)<br><br>(Doc. No. 20) |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 8, 2017, the magistrate judge assigned to the case issued findings and recommendations recommending dismissal of plaintiff's complaint for failure to state a claim. (Doc. No. 17.) Plaintiff was granted thirty days to file objections to the findings and recommendations. On November 28, 2017, no objections having been filed by plaintiff, the undersigned issued an order adopting the findings and recommendations, dismissing the action for failure to state a claim, and directing the Clerk of Court to close the case. (Doc. No. 18.) On

1

December 8, 2017, plaintiff filed the instant motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b).[1] (Doc. No. 20).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

In his motion, plaintiff insists that he was never served with the August 8, 2017 findings and recommendations, and therefore had no opportunity to file objections thereto. (*Id.* at 2.) In support of his motion, plaintiff has attached a log of incoming mail from January 3, 2017 to

---

[1] On December 8, 2017, plaintiff also filed a notice of appeal to the Ninth Circuit. (Doc. No. 21.) On January 2, 2018, the Ninth Circuit stayed the appeal pending this court's resolution of the instant motion. (Doc. No. 25.) Prior to issuing the stay, the Ninth Circuit referred the matter to this court for the limited purpose of determining whether *in forma pauperis* status should continue for the appeal, or whether the appeal is frivolous or taken in bad faith. (Doc. No. 24.) Because of the court's ruling on the instant motion, the appellate court's referral of that question has been rendered moot.

October 23, 2017, and a log of outgoing mail between January 4, 2017 and November 6, 2017. (*Id.* at Ex. A.) These logs support plaintiff's contention that he did not receive the August 8, 2017 findings and recommendations.[2]

Plaintiff does not indicate in his motion what objections he intends to file to the findings and recommendations; nonetheless, in the interest of justice, the court finds that plaintiff is entitled to relief from the final order entered November 28, 2017 (Doc. No. 18), due to circumstances out of plaintiff's control. Within **thirty (30) days** after service of this order, plaintiff may file written objections to the August 8, 2017 findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Accordingly, it is HEREBY ORDERED THAT:

1. Plaintiff's motion for relief from final judgment or order (Doc. No. 20) is granted;
2. This action is reopened;
3. The Clerk of Court is directed to attach a copy of the August 8, 2017 findings and recommendations (Doc. No. 17) to this order; and
4. Plaintiff is granted thirty (30) days from the date of service of this order to submit objections to the August 8, 2017 (Doc. No. 17) findings and recommendations.

IT IS SO ORDERED.

Dated: **January 10, 2018**

UNITED STATES DISTRICT JUDGE

---

[2] The court notes, however, that the findings and recommendations were served by the court via U.S. Mail directed to plaintiff's address of record and were not returned to the court as undeliverable.